HELLENIC LINES LIMITED, Respondent, v. CHEMOLEUM CORPORATION, Appellant.—

Concur — Markewich, J. P., Kupferman, Tilzer and Eager, JJ.; Steuer, J., dissents in the following memorandum: I dissent insofar as the modification would debar the plaintiff from proceeding on the indemnity agreement per se. The majority concedes that the bar of the statute (U. S. Code, tit. 46, § 1303, subd. [8]) is only effective for reasons of public policy. Indisputably the purpose of the statute is to effect the negotiability of bills of lading and for that purpose to allow all persons having to do with the shipment — purchasers, consignees, banks financing the shipment and insurers insuring it — to rest secure in the recitals (*Oliver Straw Goods Corp.* v. *Osake Shosen Kaisha*, 27 F. 2d 129, 134). This purpose is not interfered with by allowing the carrier to enforce an indemnity against the shipper who gave it. It would of course be otherwise if some other interested party sought to hold the carrier to the recital and the carrier sought to take refuge in the provisions of the indemnity agreement. The majority claims, however, that, even though this be the situation, it will somehow further the purpose of the statute if a right to recover on the indemnity agreement itself is denied while allowing the carrier to sue on other theories without being estopped by the admission in the bill. In other words, the carrier may sue for the relief accorded by the indemnity agreement as long as it does not plead the agreement. This so attenuates the public policy as to make it no policy at all. Obviously the majority does not feel, as the defendant here insists, that the carrier perpetrated a potential fraud on whoever might come in contact with the bill and should be penalized by being held to the recital of receiving a clean shipment in this action as well as any other. Actually our attention has been called to no decided case where an indemnity agreement between a carrier and a shipper has been held invalid. In a few cases where such agreements have been upheld, the courts avoided the main question by making exceptions to any supposed bar — that the variation in the condition of the goods and the recital was trivial, or that there was a bona fide dispute as to the condition of the goods and this was a permissible way of resolving it between these parties (2 British Shipping Laws, Carver, Carriage by Sea [1963], par. 474, pp. 400–401). Also to the contrary of defendant's position is our general rule as to a plea of illegality — that the more innocent party is not affected (*Duval* v. *Wellman*, 124 N. Y. 156, 160). In this connection it should be noted that a condition of issuing the clean bill of lading as set out in the indemnity agreement was that defendant should notify the consignee of the contents of the indemnity agreement. Here the illegality is indirect as to the relief sought

and cannot be asserted as a defense (*Loughran* v. *Loughran,* 292 U. S. 216). The situation presented is very much like where a securities transaction or a business transaction runs afoul of a statute designed for public protection. A defendant is not allowed to assert the statute to avoid his individual obligation (*Judson* v. *Buckley,* 130 F. 2d 174). The order should be affirmed.